UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DONNA FIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-CV-425 JD |
| | ) | |
| TOWN OF NORTH JUDSON, | ) | |
| INDIANA, and NORTH JUDSON | ) | |
| POLICE OFFICER RICO SIMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Donna Fier initiated this action in state court in May 2018. [DE 3] Defendants

removed the matter to this Court about one month later [DE 1], and then filed a motion to

dismiss Fier's lawsuit. [DE 4] Fier filed an amended complaint in August 2018, which is now the

operative pleading. [DE 9][1] Shortly thereafter, Defendants filed a motion to dismiss the amended

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 11] For the

reasons stated herein, the Court will grant in part and deny in part Defendants' motion to

dismiss.[2]

---

[1] The amended complaint moots Defendants' first motion to dismiss. [DE 4]

[2] Also pending are two motions to strike, one filed by each side. First, Defendants move to strike Fier's opposition to their motion to dismiss as untimely. [DE 15] Although Fier filed her response a week after the deadline, Defendants make no effort to demonstrate whether and how they suffered prejudice as a result of this late submission; indeed, they were able to submit their reply brief within seven days of Fier's response in accordance with Local Rule 7-1(d)(2)(B). Second, Fier filed a motion to strike "Defendants' Reply to Plaintiff's Reply [sic] Defendants' Motion to Strike Plaintiff's Response to Motion to Dismiss." [DE 19] That motion claims that Defendants filed a sur-reply without the Court's permission when they submitted their *reply in support of* their motion to strike. Defendants did no such thing. Instead, Fier herself appears to have mislabeled *her response* to Defendants' motion to strike, titling it as a "reply." [DE 17] Presumably, this led Fier to misinterpret Defendants' subsequent reply brief as a sur-reply. Simply put, Fier's motion to strike is unnecessary. For these reasons, the Court will deny both motions.

## FACTUAL ALLEGATIONS

Fier's complaint contains few factual allegations. On or about July 22, 2016, she alleges that Officer Simpson wrongfully arrested her for violating a protective order. According to Fier, she was not subject to any protective order at the time of her arrest. She maintains that, during her arrest and transportation, Officer Simpson "handcuffed and restrained" her "by the use of excessive force." [DE 9 ¶ 10] She further alleges that the police department, as a department of the Town of North Judson, failed to train and supervise its personnel in the applicable provisions of state law and the proper use of arrest powers. Instead, the Town tolerated and ratified the abuse of those powers by failing to properly discipline its officers, failing to take adequate precautions in hiring and retaining police personnel, and failing to maintain an appropriate system for handling public complaints about police misconduct. Lastly, Fier alleges that the Town negligently hired, supervised, and retained Simpson, knowing that he was not properly trained or otherwise fit for service.

## STANDARD

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need

only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Fier's amended complaint articulates four cognizable causes of action: federal claims for (1) false arrest and (2) excessive force against Simpson under 42 U.S.C. § 1983; (3) a § 1983 claim against the Town for failure to train and supervise its police officers, including Simpson; and (4) an Indiana state law claim of negligent hiring against the Town. Regarding the false arrest claim, Defendants insist that Simpson should enjoy qualified immunity because he had probable cause to arrest Fier. They also attack all of Fier's remaining claims for failing to state a claim upon which relief can be granted. While the Court cannot accept Defendants' qualified immunity argument at this early stage, it will still dismiss Fier's allegations of excessive force, failure to train, and negligent hiring because her amended complaint does not sufficiently allege plausible grounds for relief as to those claims.

1.      **False Arrest – Probable Cause and Qualified Immunity**

The parties spend substantial effort contesting whether Simpson had probable cause to arrest Fier in July 2016, and if so, whether that entitles him to qualified immunity from Fier's false arrest allegations. Defendants' argument, however, relies entirely upon a police report detailing Fier's arrest, authored by Simpson. [DE 12-2] The police report—a narrative— indicates that Simpson met with Fier in response to reports that she had been battered by her boyfriend. According to the report, Fier told Simpson that she contacted her ex-husband to tell

3

him about the incident. Simpson then asked dispatch to check whether any outstanding protective orders prohibited Fier from contacting her ex-husband, based on his independent knowledge of a recent order pertaining to the two. Dispatch responded that Fier was indeed subject to such an order, but this information turned out to be inaccurate and the mistake was not realized until after Fier's arrest. At the time of the arrest, Simpson only knew what dispatch told him. Thus, Defendants maintain Simpson had probable cause to arrest Fier based on his knowledge, albeit mistaken, that Fier had violated an active restraining order. *See Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979) (A police officer has probable cause for an arrest if, at the time of the arrest, the "facts and circumstances within the officer's knowledge … are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."); *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009).

Fier's complaint makes no mention of and does not include or attach this police report, however. "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). It follows that documents attached by a defendant to a motion to dismiss can only be considered if they fall into one of these categories. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). But the police report here does not so qualify. Although Fier's arrest is obviously central to her false arrest claim against Simpson, the police report itself is not. In other words, "[p]laintiff may cry false arrest even if the arrest report does not exist." *Michon v. Ugarte*, Case No. 16 C 6104, 2017 WL 622236, at *3 (N.D. Ill. Feb. 15, 2017); *see also Dempsey v. Nathan*, 2014 WL 4914466, at *7 (N.D. Ill. Sept. 30, 2014)

(declining to consider police report as part of the pleadings where plaintiff's complaint for false arrest and other claims made no reference to the report itself); *cf. Wright v. Associated Ins. Co.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (finding an employment agreement central to plaintiff's claims because the agreement 'grant[ed] him a property interest in his employment," without which he could not sue). Therefore, the Court will not consider the police report as a document central to the complaint.

The Court similarly declines Defendants' request that it take judicial notice of the police report. [DE 12 at 5, n.3] Courts in this Circuit have held that "a police report is not a proper subject for judicial notice." *Michon*, 2017 WL 622236, at *3 (collecting cases for this proposition and noting that the vast majority of courts likewise do not consider police reports appropriate for judicial notice). As observed by *Michon*, Rule 201(b) of the Federal Rules of Evidence only allows a Court to take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," but police reports are not sources of indisputable accuracy. 2017 WL 622236, at *3 (citations omitted).

Without Simpson's police report, Defendants cannot argue that he had probable cause to arrest Fier and should enjoy qualified immunity as a consequence.[3] Furthermore, Defendants do not challenge whether Fier's amended complaint contains sufficient facts to state a plausible claim for false arrest. Therefore, Fier's false arrest claim will move on.[4]

---

[3] The protective order prohibiting Fier's *ex-husband* from contacting *her*, which was active at the time of her arrest and which Defendants also include with their motion to dismiss, does not contain anything that would support a finding of probable cause. [DE 12-1]

[4] Indeed, the Seventh Circuit recently observed that a complaint itself, documents attached to it, documents referred in and critical to it, and information subject to judicial notice "rarely develop a robust factual record" needed to support a finding of qualified immunity. *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018) ("Because a qualified immunity defense so closely depends on the facts of the case, a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds.") (internal quotations omitted).

**2.      Excessive Force**

Next, Defendants challenge Fier's excessive force allegations for failing to state a

plausible claim for relief. "[A]n allegation of excessive force during an arrest is cognizable under

§ 1983." *Blake v. Katter*, 693 F.2d 677, 682 (7th Cir. 1982). Fourth Amendment claims of

excessive force are analyzed under the "objective reasonableness" standard. *Graham v. Connor*,

490 U.S. 386, 395 (1989). "Under this standard, a plaintiff must allege that officers acted

unreasonably in light of the facts and circumstances of the situation they faced, without regard to

their underlying motives or subjective intent toward the suspect." *Townsel v. Jamerson*, 240 F.

Supp. 3d 894, 902 (N.D. Ill. 2017) (citing *Graham*, 490 U.S. at 397). This analysis, however,

rests on the assumption that "the right to make an arrest or investigatory stop necessarily carries

with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*,

490 U.S. at 396; *see also Kim v. Ritter*, 493 F. App'x 787, 789 (7th Cir. 2012) (same, citing *id.*).

Furthermore, "[t]he nature and extent of the force that may reasonably be used to effectuate an

arrest depends on the specific circumstances of the arrest." *Cyrus v. Town of Mukwonago*, 624

F.3d 856, 861 (7th Cir. 2010).

At the pleadings stage, a claim of excessive force must allege "'some force,' some

'*physically abusive governmental conduct*,' some 'physical force,' applied to a suspect."

*Morales-Placencia v. City of Chicago*, No. 08 C 5365, 2011 WL 1542964, at *2 (N.D. Ill. Apr.

21, 2011) (quoting *McNair v. Coffey*, 279 F.3d 463, 467 (7th Cir. 2002)) (emphasis added). The

amended complaint fails in this regard; it does not set forth any facts to support the notion that

Simpson used abusive or unreasonable force when he arrested Fier. Indeed, Fier devotes a single

sentence to her excessive force claim: "During the arrest and transportation, Donna was

handcuffed and restrained by the use of excessive force." [DE 9 ¶ 10] Merely alleging that

6

Simpson used handcuffs to restrain Fier does not suffice to state a plausible claim absent any

additional facts as to "*how* [the handcuffs'] use constituted excessive force or was otherwise

unreasonable." *Townsel*, 240 F. Supp. 3d at 903 (dismissing excessive force claim where

plaintiff only presented general allegations that he "was handcuffed," "shackled," and "chained

to a wall") (emphasis added); *see also Muhammad v. Vill. of S. Holland*, No. 12-CV-275, 2013

WL 1788448, at *4 (N.D. Ill. Apr. 25, 3013) ("Placing handcuffs on an individual during an

arrest is not a *per se* excessive force violation."); *Annan v. Vill. of Romeoville*, No. 12 C 3577,

2013 WL 673484, at *4 (N.D. Ill. Feb. 25, 2013) (dismissing generic allegation that police

"appl[ied] excessive force near the area" where plaintiff had an existing injury and noting that

"placing handcuffs on an individual … is deemed reasonable and acceptable under the Fourth

Amendment."). Fier's amended complaint simply recites a cause of action for excessive force.

Her allegations do not present a plausible claim for relief above a speculative level, as required;

they only set forth labels and conclusions. *Twombly*, 550 U.S. at 555. Thus, the Court will

dismiss Fier's excessive force claim, without prejudice.

**3.      Fier's *Monell* Claim – Failure to Train and Supervise**

Fier additionally alleges that the Town failed to train and supervise its employees in the

proper use of arrest powers. Instead, she claims the Town tolerated and ratified the abuse of

those powers by failing to properly discipline its officers, failing to take adequate precautions in

hiring and retaining police personnel, and failing to maintain an appropriate system for handling

public complaints about police misconduct.

A municipality or governmental unit may be held liable for a constitutional deprivation

under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). To successfully pursue a *Monell*

claim against the Town, Fier must establish: "(1) an express policy that, when enforced, causes a

constitutional deprivation; or (2) that the constitutional injury was caused by a person with final

policymaking authority." *Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008); *see*

*also Campbell v. Miller*, 499 F.3d 711, 720 (7th Cir. 2007) (stating that for a *Monell* claim a

plaintiff must show that the misconduct resulted from "'(1) the enforcement of an express policy

of the City, (2) a widespread practice that is so permanent and well settled as to constitute a

custom or usage with the force of law, or (3) a person with final policymaking authority.'")

(quoting *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). *Monell* claims

brought under a "failure to train" theory, however, come with an additional requirement. Under

*City of Canton, Ohio v. Harris*, "the inadequacy of police training may serve as the basis for §

1983 liability only where the failure to train amounts to deliberate indifference to the rights of

persons with whom the police come into contact." 489 U.S. 378, 388 (1989); *Lapre v. City of*

*Chicago*, 911 F.3d 424, 436-37 (7th Cir. 2018) (same, quoting *id.*). Deliberate indifference may

be alleged through "(1) failure to provide adequate training in light of foreseeable consequences;

or (2) failure to act in response to repeated complaints of constitutional violations by its

officers." *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029-30 (7th Cir. 2006) (internal

citations omitted).

      Defendants argue that the amended complaint fails to sufficiently allege a deliberate

indifference on the part of the Town, and the Court agrees. Fier makes no explicit mention of

deliberate indifference in her pleading, but she does at least allege that the Town's "employees

… [were] known to be irresponsible in their dealings with citizens of the community" and that

the Town had received "complaints of police misconduct" in the past. [DE 9 ¶ 15] Nonetheless,

these bare allegations do not sufficiently support a failure to train claim; they contain no facts

articulating whether or how the irresponsible dealings and complaints of misconduct reached the

Town's policymakers such that they had an opportunity to correct and avoid foreseeable consequences of future wrongs. *See Hutchens v. Harrison*, No. 08 C 5366, 2009 WL 1139121, at *6 (N.D. Ill. Apr. 28, 2009) (dismissing § 1983 brought under failure to train theory for insufficiently alleging deliberate indifference where complaint simply alleged that defendants "were on notice" of their shortcomings). Similarly, Fier's allegations do not detail *how* the Town's police officers were "irresponsible" when interacting with the public nor *what* the "complaints of police misconduct" were all about (nor where those complaints even came from). This leaves a gap in the required chain of causation, because the allegations provide no facts indicating that the Town's alleged failure to train actually led to unconstitutional false arrests or uses of excessive force—the very constitutional violations Fier alleges. *See Harris*, 489 U.S. at 389 ("[A] municipality can be liable under § 1983 only where its policies are the *moving force [behind] the constitutional violation.*") (internal quotations omitted and emphasis added); *Hutchens*, 2009 WL 1139121, at *6 (citing *Harris* and dismissing complaint that did not include facts linking alleged failure to train to any police, practice, or deliberate indifference).

Notably, Fier does not at all respond to Defendants' observation that her amended complaint lacks the allegations of deliberate indifference needed to state a theory of failure to train and supervise under *Monell*. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."). Her *Monell* claim against the Town will be dismissed, without prejudice.

### 4.    Negligent Hiring Under Indiana State Law

Last of all, Fier alleges that the Town, through its police department, negligently hired, supervised, and retained Simpson when they knew or should have known that he was not

properly trained and otherwise unfit for service. [DE 9 ¶ 20] In Indiana, "a separate cause of action for negligent hiring accrues when an employee 'steps beyond the recognized scope of his employment to commit a tortious injury upon a third party[.]'" *Bd. of Sch. Comm'rs of City of Indianapolis v. Pettigrew*, 851 N.E.2d 326, 332 (Ind. Ct. App. 2006) (quoting *Tindall v. Enderle*, 320 N.E.2d 764, 768 (Ind. Ct. App. 1974)). A cause of action for negligent hiring and/or retention will not exist, however, where an employer has stipulated that the employee acted within the scope of employment when he committed the tort. *Estate of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 249, n.4 (Ind. Ct. App. 2013) (citing *Pettigrew*, 851 N.E.2d at 332). Defendants argue that Fier cannot pursue this claim in light of her own allegations that Simpson acted within the scope of his duties as a police officer for the Town. Indeed, Fier explicitly alleges that Simpson, at all relevant times, "was acting as the agent, servant, and employee" of the Town and its police department [DE 9 ¶ 5], without offering any alternative theories to support negligent hiring. Thus she has failed to state a claim. Furthermore, as with the issue of deliberate indifference, Fier altogether ignores Defendants' arguments for dismissal of this claim, signaling forfeiture once again. *Boogaard*, 891 F.3d at 295. Fier's state law claim will thus be dismissed, without prejudice.

## CONCLUSION

In sum, the Court DENIES Defendants' motion to dismiss Fier's false arrest claim, but GRANTS the motion as to her allegations of excessive force, failure to train, and negligent hiring, and DISMISSES those claims without prejudice. [DE 11] The Court further DENIES Defendants' original motion to dismiss as moot [DE 4], and DENIES the parties' motions to strike. [DE 15; DE 19]

SO ORDERED.

ENTERED:  March 8, 2019

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court
